TILGHMAN v. PAXSON CO.

SAME v. FOUNDRY CO.

(Circuit Court, E. D. Pennsylvania. May 15, 1902.)

Nos. 2, 3.

ABATEMENT—DEATH OF PLAINTIFF—TIME FOR REVIVAL.

Where there has been no undue delay on the part of a plaintiff in the prosecution of a suit during his lifetime, upon suggestion of abatement by his death, his counsel will be allowed a reasonable time to take proceedings for a revival.

On Motions by Defendants to Dismiss.

Hector T. Fenton, for complainant.

Francis T. Chambers, for respondents.

DALLAS, Circuit Judge. A writing, filed on behalf of the plaintiff in each of these cases, "suggests the abatement of the suit by reason of the death of the plaintiff, Benjamin C. Tilghman, on the 3d day of July, 1901." This was exactly one month after the filing of the replication, and therefore to the time of the death of Benjamin C. Tilghman there had been no objectionable delay. The learned counsel for the defendants insists that the death of Benjamin C. Tilghman did not really abate the suit, but I do not think that the question thus proposed should be considered upon the present motion. I assume the suggestion to have been made in good faith, and, as plaintiff's counsel states that it is his purpose to proceed in pursuance thereof, it seems to be right that he should still be accorded a reasonable time in which to do so. But the defendants should not be subjected to any unnecessary further delay, and will have leave to renew their present motion if the proceedings contemplated shall not be taken within 20 days.

The defendants' motions to dismiss are denied.